**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE CYPRIAN, | No. 12-17214 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02704-JAM-JFM |
| v. | |
| DERRICK GIVENS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Lawrence Cyprian appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging claims related to allegedly

false disciplinary charges against him.  We have jurisdiction under 28 U.S.C. §

1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(summary judgment); *Serrano v. Francis*, 345 F.3d 1071, 1077 n.5 (9th Cir. 2003) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Cyprian's claims against defendant Newman because Cyprian failed to raise a genuine dispute of material fact as to whether Newman, a private attorney who successfully defended Cyprian in a felony criminal trial, acted under color of state law. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (lawyer in private practice is not a state actor under § 1983, and conclusory allegations that the lawyer was conspiring with state officers are insufficient to establish liability).

The district court properly dismissed Cyprian's access-to-courts claim because Cyprian failed to allege that being denied access to the law library prejudiced his ability to file a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (denial of access to courts requires actual injury).

The district court properly dismissed Cyprian's deliberate indifference claim because Cyprian failed to allege that defendants knew of and disregarded a serious risk to his health from hay fever-like symptoms caused by lack of outside airflow. *See Toguchi*, 391 F.3d at 1057 (elements of deliberate indifference).

The district court properly dismissed Cyprian's due process claim because

Cyprian failed to allege facts showing that he was denied notice of the disciplinary charge and evidence against him, or the opportunity to present evidence at hearings at which he was ultimately found not guilty. *See Serrano*, 345 F.3d at 1077-78 (describing due process required when a prisoner faces disciplinary charges).

The district court properly dismissed Cyprian's equal protection claim because Cyprian failed to allege facts showing that defendants intentionally discriminated against him based on his membership in a protected class or treated him differently without a rational basis. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (elements of equal protection claim).

We do not consider Cyprian's arguments as to discovery, raised for the first time on appeal, or his arguments to missed parole suitability hearings, raised for the first time in his reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Cyprian's request for an "In Camera" interview is denied.

Defendants' request to have this appeal and the underlying action deemed frivolous, set forth in their answering brief, is denied.

Cyprian's contentions that the district court treated his claims perfunctorily or failed to pay attention to the facts and legal theories are unpersuasive.

**AFFIRMED.**

12-17214